UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREANA JAPPA, | CASE NO. 08cv1813 WQH (POR) |
| Plaintiff, | **ORDER** |
| vs. | |
| STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; DAVID CAVENDAR; ROBERT J. HERNANDEZ; JOHN MARTIN; DAVID COOK; ROBERT EDWARDS; MARDELOUIS HAWTHORNE; and DOES 1-X., | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss (Doc. # 4).

**Background**

On October 6, 2008, Plaintiff initiated this action by filing the Complaint (Doc. # 1). The Complaint alleges that Plaintiff "was an employee of Defendants California Department of Corrections and State of California," and is "currently on disability leave." *Complaint,* ¶ 1. The Complaint alleges that California Department of Corrections ("CDC") is an agency of the State of California ("State"). The Complaint alleges that Defendants David Cavendar, Robert J. Hernandez, John Martin, David Cook, Mardelouis Hawthorne, and Robert Edwards were agents of the State and CDC at all relevant times.

1   The Complaint alleges that on May 30, 2005, a CDC employee offered Plaintiff

2   employment as an electronics technician at CDC's RJ Donovan Correctional Facility

3   ("Donovan").  The Complaint alleges:

4   > On or about June 10, 2005, Plaintiff and Defendant CDC, through it[s] agent
> Cavendar, entered into an oral agreement, in which Plaintiff agreed to accept
5   > employment as an electronics technician for CDC at its RJ Donovan
> Correctional Facility.  In exchange for this, CDC agreed to pay her a gross
6   > monthly salary of $3,375.00, and additionally pay her a one-time payment of
> $3,500.00 for personal property moving expenses after arrival at Donovan, plus
7   > reimburse her the actual costs of her trip from Florida to San Diego County.  The
> last payments were due upon presentation of certain receipts by Plaintiff.

8   *Id.,* ¶ 9.

9   The Complaint alleges that on June 27, 2005, Plaintiff began working at Donovan.  The

10  Complaint alleges that Plaintiff made several unsuccessful attempts to obtain reimbursement

11  for her actual travel costs and for the $3,500.00 promised moving expenses.  The Complaint

12  alleges:

13  > From July 2005 to May 2006, Plaintiff was in constant communication with
> CDC's employees, regarding her relocation claims.  She was referred from one
14  > bureaucrat to another, and kept submitting all requested documentation.  The
> employees kept telling her that her request is being processed at various levels
15  > of authority.

16  *Id.,* ¶ 13.  The Complaint alleges that in August 2005, "Plaintiff requested assistance from her

17  union representative in speeding up her receipt of the money promised," and that the union

18  representative "informed her that this is not within the union's jurisdiction."  *Id.,* ¶ 14.  The

19  Complaint alleges that in May 2006, Defendant Hawthorne told Plaintiff that the State and

20  CDC would pay Plaintiff $1,000.00, and "also falsely told her a check in that amount was 'in

21  the mail.'"  *Id.,* ¶ 15.  The Complaint alleges that on or about November 29, 2006, "Plaintiff

22  filed a claim in the amount of $30,000.00 against [CDC] with the Victim Compensation and

23  Government Claims Board," and that on or about December 14, 2007, "the Board denied

24  Plaintiff's claim, exhausting Plaintiff's administrative remedies."  *Id.,* ¶ 18.  The Complaint

25  alleges that on or about December 19, 2008, the Board issued Plaintiff a right-to-sue letter.

26  *Id.,* ¶ 19.

27

28

The Complaint alleges that "Plaintiff's contract with CDC required her only to work as a[n] electronics technician," which "involves working above-ground with only [] low-voltage lines and devices." *Id.,* ¶ 20. The Complaint alleges that Plaintiff was required, however, to work with high-voltage lines and devices and to work in man holes. The Complaint alleges that Plaintiff performed this work, and that "Plaintiff never received any additional compensation for this out-of-class work." *Id.,* ¶ 21. The Complaint alleges that working with high voltage lines and devices constitutes work as an electrician, "which is a separate, higher-paid employee class under the CDC's collective bargaining agreement." *Id.,* ¶ 23. The Complaint alleges that Plaintiff was also required to work "solely as a visitor escort," and that "Plaintiff never received any additional compensation for this out-of-class work." *Id.,* ¶ 22.

The Complaint alleges that Plaintiff filed a charge of discrimination with the California Department of Fair Employment and Housing ("DFEH"). The Complaint alleges that on or about July 3, 2007, "DFEH issued to Plaintiff a right to bring a civil action based on this charge." *Id.,* ¶ 85. The Complaint alleges that "Plaintiff presented a charge of discrimination to the US Equal Employment Opportunity Commission ('EEOC'). Plaintiff is uncertain as to the current status of the EEOC's investigation of this charge." *Id.,* ¶ 92.

The Complaint alleges the following causes of action: (1) breach of contract, against State, CDC, Cavendar and Hernandez; (2) breach of contract against State, CDC and Edwards; (3) breach of contract, against State, CDC, Martin and Cook; (4) fraud and deceit by intentional misrepresentation, against State, CDC and Cavendar; (5) fraud and deceit by intentional misrepresentation, against State, CDC and Hawthorne; (6) failure to pay wages in violation of section 203 of the California Labor Code, against State and CDC; (7) wage rate discrimination in violation of section 1197.5 of the California Labor Code, against State and CDC; (8) gender discrimination, in violation of the California's Fair Employment and Housing Act, section 12940 of the California Government Code ("FEHA"), against State and CDC; (9) gender discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e, *et seq.* ("Title VII"), against State and CDC; and (10) violation of the federal

1    Equal Pay Act, 29 U.S.C. section 206(d), against State and CDC.

2          On October 14, 2008, Defendants filed the Motion to Dismiss.  Defendants move to

3    dismiss the entire Complaint on grounds that none of the causes of action state a claim upon

4    which relief may be granted.  Defendants request that the Court dismiss the Complaint with

5    prejudice and without leave to amend on grounds that Plaintiff can allege no set of facts that

6    would warrant relief.  On November 3, 2008, Plaintiff filed a Response in Opposition to the

7    Motion to Dismiss (Doc. # 5).  Plaintiff opposes the Motion to Dismiss on grounds that the

8    Complaint states a claim with respect to each cause of action.  Plaintiffs opposes dismissal with

9    prejudice, and requests leave to amend in the event that the Court grants the Motion to

10    Dismiss.  On November 10, 2008, Defendants filed a Reply (Doc. # 7).

11                              **Standard of Review**

12          A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests

13    the legal sufficiency of the pleadings.  *See De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir.

14    1978).  A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where

15    the factual allegations do not raise the right to relief above the speculative level.  *See Bell*

16    *Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  Conversely, a complaint may not be

17    dismissed for failure to state a claim where the allegations plausibly show that the pleader is

18    entitled to relief.  *See id.* (citing Fed R. Civ. P. 8(a)(2)).  In ruling on a motion pursuant to Rule

19    12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and

20    must accept as true all material allegations in the complaint, as well as any reasonable

21    inferences to be drawn therefrom.  *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003);

22    *see also Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996).

23          In deciding a motion to dismiss pursuant to Rule 12(b)(6), "courts generally consider

24    only the allegations contained in the complaint, exhibits attached to the complaint and matters

25    of public record."  *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196

26    (9th Cir. 1993).  However, "a court may consider an undisputedly authentic document that a

27    defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the

28    document."  *Id.*

**Analysis**

**I.      First, Second and Third Claims for Breach of Contract**

      A.      Claims Based on Oral Contract

Defendants assert that in California, the terms and conditions of employment of a public employee are fixed by statute, and not by contract.  Defendants assert that causes of action based on the existence of an employment contract are subject to dismissal because "there can be no employment contract between a public entity and an employee." *Mot. to Dismiss,* p. 8. Defendants contend that the Complaint's first, second and third claims for breach of contract fail "because the employee relationship between Plaintiff and [CDC] is governed by statute, not contract." *Id.*

Plaintiff contends that Defendants "have failed to indicate which statute governs the amounts owed to Plaintiff, in lieu of her contract." *Opposition,* p. 2.  Plaintiff contends that Defendants "are misinterpreting the rulings in these cases far beyond their scope" because the cases relied on by Defendants "deal with unlawful termination of a state employee based on an explicit or alleged 'employment contract.'" *Id.* at 2-3.  Plaintiff contends that in this case, "Plaintiff does not allege that there was a 'contract of employment', i.e., a contract offering employment for a specific period, only that she was employed, and she had a contract with her employer as to how much she would be paid while working." *Id.* at 3.

In California, the terms and conditions of public employment are fixed by statute, not by contract. *Miller v. California,* 18 Cal. 3d 808, 813 (1977).  A public employee cannot state a cause of action against its employer for breach of contract. *Id.; see also Shoemaker v. Myers,* 52 Cal. 3d 1, 23-24 (1990).  The statutory provisions control the terms and conditions of public employment and "cannot be circumvented by purported contracts in conflict therewith." *Miller,* 18 Ca. 3d at 813.  The bar to contractual claims by government employees applies to claims based on alleged failure to pay compensation. *Kim v. Regents of Univ. of Calif.,* 80 Cal. App. 4th 160, 164, 166 (2000) (plaintiff may not assert contractual rights to overtime payment).

- 5 -

08cv1813 WQH (POR)

The first cause of action alleges that Defendants breached an oral contract with Plaintiff by failing to pay Plaintiff's relocation expenses. The second and third causes of action allege that Plaintiff's employment agreement incorporates the terms of CDC's collective bargaining agreement, and that Defendants breached these terms of Plaintiff's employment agreement by failing to pay Plaintiff a higher rate of pay for out-of-class work assignments. California law is clear that claims brought by an public employee against her employer based on breach of contract cannot stand. Plaintiff seeks to recover on grounds that Defendants breached an oral agreement with Plaintiff whereby Plaintiff would be paid for her relocation expenses and actual travel, and would be paid for out-of-class work. However, Plaintiff, as a public employee, is barred from asserting these contractual claims against Defendants, Plaintiff's public employer and its agents. The Court dismisses the first, second and third causes of action insofar as Plaintiff  seeks to recover on a theory of breach of contract against Defendants.

B.    Claims Based on Collective Bargaining Agreement

Defendants assert that the requirement of exhaustion of administrative remedies applies when an aggrieved party has an administrative remedy under the terms of a grievance procedure established by a collective bargaining agreement. Defendants contend that the CDC's collective bargaining agreement provides a mandatory grievance procedure, and that Plaintiff has not alleged any facts demonstrating that she followed or attempted to follow any of the grievance procedures set forth by the collective bargaining agreement. Defendants contend that "[e]ven if Plaintiff were able to assert a claim for breach of contract based on an alleged breach of the collective bargaining agreement, her claim would fail because she has not exhausted the administrative remedies set forth in the agreement." *Mot. to Dismiss,* p. 9.

Plaintiff contends that the collective bargaining agreement does not bar suit because "Plaintiff did attempt to pursue a grievance procedure with the union, but was informed by the union representative, who is also an employee of [CDC], that this was not their responsibility." *Opposition,* p. 3. Plaintiff contends that Defendants also "provide no evidence why they

1  believe [the CDC's grievance procedure] is mandatory in this case." *Id.* at 3-4.[1]

2  Under the doctrine of exhaustion of administrative remedies, public entities "must be

3  given the opportunity to reach a reasoned and final conclusion on each and every issue upon

4  which they have jurisdiction to act and before those issues are raised in a judicial forum."

5  *Sierra Club v. San Joaquin Local Agency Formulation Committee*, 21 Cal. 4th 489, 495

6  (1999). The burden of demonstrating exhaustion is on the plaintiff. *Campbell v. Regents of*

7  *Univ. of Calif.,* 35 Cal. 4th 311, 321-322 (2005). The exhaustion requirement applies when

8  the aggrieved party has an administrative remedy under the terms of a grievance procedure

9  established by a collective bargaining agreement. *Johnson v. Hydraulic Research & Mfg. Co.,*

10 70 Cal. App. 3d 675, 679 (1977).

11 CDC's collective bargaining agreement, attached to the Motion to Dismiss, provided

12 a mandatory grievance procedure for any "dispute of one or more employees . . . and the State

13 involving the interpretation, application or enforcement of the provisions of this Agreement,

14 or involving a law, policy or procedure concerning employment-related matters not covered

15 in this Agreement and not under the jurisdiction of the State Personnel Board." *Mot. to*

16 *Dismiss,* Exhibit 1, Article 14.2.A, p. 95. The first step towards satisfying the grievance

17 procedure requires that an aggrieved employee discuss the issue with her supervisor. *Id.,*

18 Article 18.2.B.1. Formal grievances must be filed no later than 15 days after the event or

19 circumstances giving rise to the grievance, or after the employee should have acquired

20 knowledge of the event or circumstances. *Id.,* Article 14.5.A, p. 96. The collective bargaining

21 agreement provides specific grievance procedures for out-of-class grievances. *Id.,* Article

22 18.2A.4, p. 118; 18.2.B., p. 119.

23

24

25

26    [1] Plaintiff also contends that Defendants erroneously rely on the collective bargaining
      agreement effective for 2000-2004 because Plaintiff's employment did not commence until June 2005.
27    Defendants respond that the 2000-2004 collective bargaining agreement remained in effect until the
      subsequent collective bargaining agreement became effective July 1, 2006. Plaintiff does not dispute
28    the correctness of Defendants' response, and acknowledges in her opposition that the subsequent
      collective bargaining agreement was not effective until 2006.

Plaintiff does not allege that she exhausted the grievance procedures provided for by the CDC's collective bargaining agreement.  The Complaint alleges that Plaintiff requested assistance from her union representative in speeding up her receipt of money for her moving expenses, but was informed that this was not within the union's jurisdiction; that she presented a government claim to the Victim Compensation Board and Government Claims Board on November 26, 2006; and that she filed a charge of discrimination with the DFEH.  However, contacting a union representative, presenting a government claim to the Victim Compensation Board or filing a charge of discrimination with the DFEH are not steps set forth in the grievance procedure provided for by the CDC's collective bargaining agreement.  Plaintiff does not allege that she discussed her grievance with respect to payment of her moving expenses with her supervisor, or that she filed a formal written grievance within 15 days of the event or circumstance giving rise to her grievance.  The Complaint asserts no allegations that Plaintiff attempted to exhaust her administrative remedies by acting pursuant to the grievance procedure provided for in the CDC collective bargaining agreement.  The Court concludes that Plaintiff has failed to satisfy her burden of demonstrating that she exhausted her administrative remedies under the terms of a grievance procedure established by the CDC's collective bargaining agreement.  The Court dismisses the first, second and third causes of action insofar as they seek recover for breach of the CDC's collective bargaining agreement.

## II.    Fourth and Fifth Causes of Action for Fraud and Deceit by Intentional Misrepresentation

Defendants assert that the Tort Claims Act, section 815 of the California Government Code, bars common law tort claims against state agencies, such that any public entity tort liability must be based on statute.  Defendants assert that a "plaintiff asserting a tort cause of action against a public entity must plead that cause of action with particularity, and every fact essential to the existence of statutory liability must be pleaded." *Mot. to Dismiss*, p. 13 (internal quotations omitted).  Defendants contend that the fourth and fifth causes of action fail to state a claim because "Plaintiff has failed to allege any statute that would allow her to bring such [] common law tort claims against a state agency." *Id.*

Defendants further contend that the State and CDC are immune from liability pursuant to California Government Code section 818.8, which provides absolute immunity to a public entity for a misrepresentation by its employee, whether the misrepresentation be intentional or negligent.  Defendants contend that the individual Defendants are immune from liability pursuant to California Government Code section 822.2, which provides that public employees are immune from personal liability for negligent and intentional misrepresentations unless they are motivated by corruption or actual malice.  Defendants contend that Plaintiff's misrepresentation claims against Cavendar and Hawthorne cannot stand because Plaintiff has failed to allege that they were motivated by corruption or actual malice.

Plaintiff contends that her fraud claims "should not be barred" by section 815 of the California Government Code, because "Plaintiff has pled all the elements of statutory fraud as defined by Civ. C. 1572."  *Opposition,* p. 4.  Plaintiff also contends that she "has pled that [Defendants] are guilty of not just misrepresentation, but actual fraud, so the immunity provision clearly does not apply."  *Id.* at 5.

Pursuant to section 815(a) of the California Government Code, except as otherwise provided by statute, "[a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person."  Cal. Gov. Code § 815(a); *see Davis v. City of Pasadena,* 42 Cal. App. 4th 701, 703 (1996) ("[p]ublic entities have liability for injury only when that liability has been assumed by statute").  Furthermore, "[a] public entity is not liable for an injury caused by misrepresentation by an employee of the public entity, whether or not such misrepresentation be negligent or intentional."  Cal. Gov. Code § 818.1.  The immunity of a public entity for misrepresentations by its employee is absolute.  *Masters v. San Bernardino County Emps. Retirement Ass'n,* 32 Cal. App. 4th 30, 43 (1995).  Pursuant to section 822.2, "[a] public employee acting in the scope of his employment is not liable for an injury caused by his misrepresentation, whether or not such misrepresentation be negligent or intentional, unless he is guilty of actual fraud, corruption or actual malice."  Cal. Gov. Code § 822.2.  Noting that "both intentional and negligent misrepresentations are encompassed within the definition of 'actual fraud' pursuant

to sections 1572 and 1710 of the California Code of Civil Procedure, the California Court of Appeal stated: "If we were to interpret the term 'actual fraud' in Government Code section 822.2 as coextensive with the meaning of 'actual fraud' in Civil Code section 1572 or the parallel definitions of 'deceit' in Civil Code section 1710 . . . Government Code section 822.2 would be unintelligible." *Masters,* 32 Cal. App. 4th at 42. "Accordingly, . . . the immunity afforded by Government Code section 822.2 applies unless, in addition to the essentials of common law deceit, a public employee is motivated by corruption or actual malice, i.e., a conscious intent to deceive, vex, annoy or harm the injured party." *Id.* (internal quotations omitted).

With respect to the State and CDC, the Complaint does not allege a statutory basis that would allow Plaintiff to sue the State and CDC, public entities, for "fraud and deceit by intentional misrepresentation." *Complaint,* p. 8-9. Furthermore, the fourth and fifth causes of action allege liability based on the misrepresentations of employees of the State and CDC and, as previously discussed, the State and CDC are immune from such claims. With respect to the individual Defendants, the Complaint does not allege that these Defendants were motivated by corruption or actual malice. Plaintiff makes the conclusory assertion in her Opposition that "Plaintiff has pled that they are guilty not just of misrepresentation, but of actual fraud, so the immunity provision clearly does not apply. *Opposition,* p. 5. However, allegations of actual fraud, without more, are insufficient to state a misrepresentation claim against a public employee. *See Masters,* 32 Cal. App. 4th at 42. The Court concludes that the Complaint fails to state a claim against the State, CDC or the individual Defendants because the Defendants are immune from liability for Plaintiff's misrepresentation claims. The Court dismisses the Complaint's fourth and fifth causes of action.

III.   **Sixth Cause of Action for Violation of Section 203 of the California Labor Code**

Defendants contend that Plaintiff's claim for "waiting-time" penalties under section 203 of the California Labor Code is barred because "such penalties apply only where an employee has been discharged from employment, and Plaintiff, by her own admission, is still employed by [CDC]." *Mot. to Dismiss,* p. 15. Defendants contend that Plaintiff cannot fit within the

requirements of section 203 by asserting that she was "discharged" from employment by being placed on a medical leave of absence when she took maternity leave because "[n]either the statute nor the case law support any meaning of 'discharge' that encompasses an employee's maternity leave or other disability leave." *Id.* at 16.

Plaintiff states:

> Plaintiff admitted that she 'was an employee of Defendants', not that she is one, and to being on disability leave (as of the date of filing this complaint). This does not mean she is an employee, nor that she was not discharged for purposes of Lab. C. 203.

*Opposition,* p. 5. Plaintiff contends that she is entitled to remedies under section 203 of the California Labor Code because "Plaintiff had been placed on maternity leave (later changed to disability leave), which involved releasing her from performing the job assignment for which she was hired." *Id.* at 6.

Section 203 of the California Labor Code states:

> If an employer willfully fails to pay, without abatement or reduction . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

Cal. Labor Code § 203. The discharge element is satisfied by an employee's "involuntary termination from an ongoing employment relationship," as well as when "an employer releases an employee after completion of a specific job assignment or time duration for which the employee was hired." *Smith v. Superior Court (L'Oreal),* 39 Cal. 4th 77, 89 (2006).

The Complaint does not allege that Plaintiff was discharged, terminated, or released after completion of a specific job assignment or time duration for which she was hired. Plaintiff relies on *L'Oreal* to support her claim that maternity leave or disability leave is the equivalent of being discharged within the meaning of section 203 of the California Labor Code. However, *L'Oreal,* which held that the term "discharge" encompassed the release of temporary workers - specifically models hired for a particular fashion event - at the conclusion of the event they were hired to staff, is distinguishable. 39 Cal. 4th 77. Unlike the plaintiffs in *L'Oreal,* who were hired to perform a specific task for a specific duration, Plaintiff alleges that she enjoyed continued employment at Donovan until she took temporary maternity leave.

1    The Complaint asserts no allegation that Plaintiff would not be able to return to her position

2    in the future.  The Complaint does not allege that Plaintiff was hired to perform a specific task

3    for a specific duration and that the job assignment or time duration for which she was hired

4    was complete.  The Court concludes that Plaintiff has failed to state a claim under section 203

5    of the California Labor Code.  The Court dismisses the Complaint's sixth cause of action.

6    **IV.    Seventh and Tenth Causes of Action for Violation of the State and Federal Equal**

7    **Pay Acts**

8         Defendants assert that both the state and federal Equal Pay Acts are subject to a two-

9    year statute of limitations, or a three-year statute of limitations where the violations of the Acts

10   were willful.  Defendants assert that a "cause of action accrues under the state and federal

11   Equal Pay Acts with each deficient paycheck, and each violation must have occurred within

12   the limitations period to be actionable." *Mot. to Dismiss,* p. 17.  Defendants contend that the

13   three-year statute of limitations period does not apply to this case because Plaintiff has not

14   alleged any facts supporting willfulness.  Defendants contend that "Plaintiff's Equal Pay Act

15   claims are based solely on the allegedly discriminatory wages she was paid at certain times

16   during the period from July 2005 to September 2005." *Id.* at 18.  Defendants contend that her

17   claims for violations of the state and federal Equal Pay Acts are time-barred because "Plaintiff

18   did not bring this action asserting Equal Pay Act claims until June 17, 2008, more than two

19   years after the alleged violations occurred." *Id.*

20        Plaintiff contends that "[i]n this case, Plaintiff has alleged and provided evidence of

21   willfulness on Defendants' part in both" the seventh and tenth causes of action.  *Opposition,*

22   p. 7.  Plaintiff therefore contends that the three-year statute of limitations applies, and that

23   Plaintiff's claims under the federal and state Equal Pay Acts are timely.

24        The California Equal Pay Act is substantially identical to the federal Equal Pay Act.

25   *Jones v. Tracy Sch. Dist.,* 27 Cal. 3d 99, 111 (1980).  Both the state and federal Equal Pay Acts

26   are subject to a two-year statute of limitations, or a three-year statute of limitations where the

27   violations of the Acts are willful.  Cal. Labor Code § 1197.5(h); 29 U.S.C. § 255(a).  For a

28   violation to be "willful," and the three-year statute of limitations period to apply, the plaintiff

must show that the employer either knew or recklessly disregarded whether its conduct was prohibited by the statute. *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133, 135 (1988).

In support of the seventh cause of action for violation of California's Equal Pay Act and tenth cause of action for violation of the federal Equal Pay Act, the Complaint alleges that Defendants required Plaintiff to perform out-of-class work, that Defendants did not pay Plaintiff the salary rate for this out-of-class work, and that Defendants "paid Plaintiff a lower salary rate for her Electrician work than to one or more employees of the male sex." *Complaint,* ¶¶ 73-78.  The Complaint further alleges:

> Defendants' violation of Plaintiff's rights under the Equal Pay Act has been willful in that Defendant had signed a collective bargaining agreement specifying the salary rates payable for employees working out-of-class as Electricians, yet Defendant nonetheless failed to pay Plaintiff such salary rates.

*Complaint,* ¶¶ 78, 99.  Thus, the Complaint alleges that Defendants required that Plaintiff perform out-of-class work, that Defendants refused to pay Plaintiff the salary applicable for the out-of-class work she performed, and that Defendants acted willfully.  Viewing the allegations in the light most favorable to Plaintiff, the Court concludes that the three-year statute of limitations applies to Plaintiff's state and federal Equal Pay Act claims because the Complaint sufficiently alleges that Defendant's conduct was willful, such that Defendants either knew or recklessly disregarded whether their conduct was prohibited by the federal and state Equal Pay Acts.  *See McLaughlin,* 486 U.S. at 133, 135.  The conduct alleged in the Complaint occurred "from July to September 2005." *Complaint,* ¶¶ 75, 96.  Plaintiff initiated her civil action "[o]n or about June 17, 2008." *Not. of Removal,* p. 2.  The Court concludes that Plaintiff initiated this action within the three-year statute of limitations provided for willful violations of the federal and state Equal Pay Acts.  The Motion to Dismiss the seventh and tenth causes of action for violation of the federal and state Equal Pay Acts on grounds that Plaintiff's claims are time-barred is denied.

## V.    Eighth and Ninth Causes of Action for Gender Discrimination

Defendants assert that in order to bring a civil action under FEHA, a plaintiff must file a charge of discrimination within one year of the alleged unlawful employment practice. Defendants further assert that  a plaintiff must file a charge of discrimination within 300 days

in order to bring a civil action under Title VII.  Defendants contend that Plaintiff filed her

charge of discrimination with the DFEH on June 3, 2007.  Defendants state:

> Plaintiff's FEHA claims may be based only on acts occurring after September
> 7, 2006, and Plaintiff's Title VII claims may be based only on acts occurring
> after September 7, 2006.  Plaintiff's FEHA and Title VII claims are based on the
> allegedly discriminatory wages she was paid at certain times during the period
> from July 2005 to September 2005.  Although Plaintiff alleged various reasons
> she believes Defendants allegedly discriminated against her, she does not assert
> any allegedly adverse employment actions other than the failure to pay her the
> Electrician salary rate for her work during the period of July 2005 to September
> 2005.

*Mot. to Dismiss,* p. 19.

Plaintiff contends that she filed a charge of discrimination with the DFEH on June 29,

2007.  Plaintiff contends that Defendants' assertion that "Plaintiff's claims should be barred

because she allegedly failed to file a complaint with the DFEH within 1 year of the

discriminatory events per" section 12960 is incorrect.  Plaintiff states:

> According to the DFEH right-to-sue notice, Plaintiff's complaint will be filed
> in accordance with California Government Code 12960. . . .  Thus for whatever
> reason (be it one of the exceptions, or a waiver of the defense), the DFEH agreed
> to accept the complaint for filing.  Thus Plaintiff's civil complaint should not be
> time-barred because it was filed on June 17, 2008, which was within 1 year of
> her right-to-sue notice.

*Id.* at 9.

Section 12960 of the California Government Code provides that a person claiming to

be aggrieved by an alleged unlawful employment practice may file a complaint with the

DFEH.  Section 12960(d) provides that "[n]o complaint may be filed after the expiration of one

year from the date upon which the alleged unlawful practice or refusal to cooperate occurred.

Section 12960(d) articulates the following exceptions to this one-year statute of limitations for

filing a complaint: (1) if the aggrieved person "first obtained knowledge of the facts of the

alleged unlawful practice after the expiration of one year from the date of their occurrence;"

(2) in order to allow the aggrieved person "to make a substitute identification of the actual

employer;" (3) if the aggrieved person is unaware of the identity of any person liable for the

alleged violation; or (4) in order to allow the aggrieved person to attain the age of majority.

Cal. Govt. Code. § 12960(d).  42 U.S.C. section 2000e-5 permits a person aggrieved by an

alleged unlawful employment practice to file a complaint with the Equal Opportunity

Employment Commission ("EEOC").  Section 2000e-5(e) provides that such a charge shall be filed within 180 days after the alleged unemployment practice occurred.  Section 2000e-5(e) further provides that when the person aggrieved has initially instituted proceedings with a State or local agency, such as the DFEH, "such a charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier."  42 U.S.C. § 2000e-5(e).

The DFEH letter referred to by Plaintiff in her Opposition provides that the DFEH "will not be conducting an investigation into this matter," that the "EEOC should be contacted directly for any discussion of the charge," and that the "DFEH is closing its case on the basis of 'processing waived to another agency.'" *Complaint,* Exhibit B.  The letter further provides that "[s]ince the DFEH will not be issuing an accusation, this letter is also your right-to-sue notice." *Id.*  Contrary to Plaintiff's assertion in the Opposition, however, this letter does not indicate that "the DFEH agreed to accept the complaint for filing." *Opposition,* p. 9.  Although the right to sue letter stated that, pursuant to section 12965 of the California Government Code, Plaintiff must bring a civil action within one-year of receiving the right to sue letter,  the right to sue letter did not address the time requirements articulated in section 12960 or guarantee that Plaintiff would be able to successfully assert the claims alleged in her DFEH claim in a civil lawsuit. Defendants do not assert that Plaintiff did not timely file the instant action after receiving the right to sue notice.  Instead, Defendants contend that Plaintiff's claims are time-barred because she failed to timely file her complaint with the DFEH after becoming aware of Defendants' allegedly unlawful employment practices. The only discriminatory acts alleged in the Complaint occurred from July 2005 to no later than March 2006.  According to Plaintiff, she did not file her complaint with the DFEH until June 2007.  The Court concludes that in filing her Complaint more than one year after the last alleged unlawful employment practice occurred, Plaintiff failed to file her claim with the DFEH within the time-limitations prescribed in section 12960(d) of the California Government Code and 42 U.S.C. section 2000e-5(e).  Plaintiff does not assert that her case falls within an exception to the one-year statute of

1   limitations in section 12960(d).  The Court concludes that Plaintiff's claims are time-barred

2   under both section 12960(d) of the California Government Code and 42 U.S.C. section 2000e-

3   5(e).  The Court dismisses the Complaint's eighth and ninth causes of action.

<u>**Conclusion**</u>

5       IT IS HEREBY ORDERED that the Motion to Dismiss (Doc. # 4) is **DENIED** as to the

6   seventh and tenth causes of action.  The Motion to dismiss is **GRANTED** as to the remaining

7   causes of action.  The first, second, third, fourth, fifth, sixth, eighth and ninth causes of action

8   are **DISMISSED with leave to amend.**  Plaintiff may file a first amended complaint on or

9   before Tuesday, February 17, 2009.

10  DATED:  January 8, 2009

11

        **WILLIAM Q. HAYES**
12      United States District Judge