1
2
3
4
5
6
7
8                       **UNITED STATES DISTRICT COURT**
9                      **SOUTHERN DISTRICT OF CALIFORNIA**
10
11   ANDREANA JAPPA,                          CASE NO. 08cv1813 WQH (POR)
12                          Plaintiff,        **ORDER**
                vs.
13   STATE OF CALIFORNIA,
     CALIFORNIA DEPARTMENT OF
14   CORRECTIONS AND
     REHABILITATION, DAVID
15   CAVENDAR, TOBERT J.
     HERNANDEZ, JOHN MARTIN, DAVID
16   COOK, ROBERT EDWARDS,
     MARDELOUIS HAWTHORNE, and
17   DOES 1-X,
18                          Defendants.

19   HAYES, Judge:

20          The matter before the Court is the Motion to Dismiss First Amended Complaint (Doc.

21   # 11) filed by Defendants State of California, Department of Corrections & Rehabilitation,

22   David Cavendar, Robert J. Hernandez, and Mardelouis Hawthorne.

23                                    **Background**

24          On or about June 17, 2008, Plaintiff initiated this action by filing a complaint in the

25   Superior Court of California, County of San Diego. *Not. of Removal,* p. 2.  On October 6,

26   2008, Defendants removed the complaint to this Court (Doc. # 1).  The complaint alleged that

27   California Department of Corrections ("CDC") is an agency of the State of California

28   ("State").  The complaint alleged that Defendants David Cavendar, Robert J. Hernandez, John

Martin, David Cook, Mardelouis Hawthorne, and Robert Edwards were agents of the State and CDC at all relevant times.  The complaint alleged that Plaintiff was an employee of CDC and is currently on disability leave.  The complaint alleged the following causes of action: (1) breach of contract against State, CDC, Cavendar and Hernandez; (2) breach of contract against State, CDC and Edwards; (3) breach of contract against State, CDC, Martin and Cook; (4) fraud and deceit by intentional misrepresentation against State, CDC and Cavendar; (5) fraud and deceit by intentional misrepresentation against State, CDC and Hawthorne; (6) failure to pay wages in  violation of section 203 of the California Labor Code against State and CDC; (7) wage rate discrimination in violation of section 1197.5 of the California Labor Code against State and CDC; (8) gender discrimination, in violation of the California's Fair Employment and Housing Act ("FEHA"), section 12940 of the California Government Code, against State and CDC; (9) gender discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. section 2000e, *et seq.,* against State and CDC; and (10) violation of the federal Equal Pay Act ("EPA"), 29 U.S.C. section 206(d), against State and CDC.

On October 14, 2008, Defendants filed a motion to dismiss (Doc. # 4).  On January 8, 2009, this Court issued an order ("January 8 Order") denying the motion to dismiss as to the seventh and tenth causes of action, and granting the motion to dismiss as the remaining causes of action (Doc. # 8).  The Court concluded that Plaintiff's seventh and tenth causes of action for violation of the federal and state Equal Pay Acts were not time-barred, and denied the motion to dismiss with respect to these claims.  With respect to the fourth and fifth causes of action for fraud and deceit by intentional misrepresentation, the Court concluded that the State and CDC are immune from such claims, and that the complaint failed to allege that the individual Defendants were motivated by corruption or actual malice.  With respect to the sixth cause of action for violation of section 203 of the California Labor Code, the Court found that the complaint alleged that Plaintiff was on maternity leave; that the complaint did not allege that Plaintiff would not be able to return to her job in the future; and that the complaint did not allege that Plaintiff was hired to perform a specific task for a specific duration and that the job

assignment or time duration for which she was hired was complete.  The Court therefore concluded that the complaint failed to allege that Plaintiff had been discharged within the meaning of section 203.  With respect to the eighth and ninth causes of action for gender discrimination, the Court concluded that Plaintiff's claims are time-barred under both section 12960(d) of the California Government Code and 42 U.S.C. section 2000e-5(e).  The Court granted Plaintiff leave to file an amended complaint.

On February 17, 2009, Plaintiff filed the First Amended Complaint ("FAC") (Doc. # 10), which is the operative pleading in this case.  The FAC alleges claims against the State, CDC, Cavendar, Hawthorne and Hernandez.  The FAC alleges the following causes of action: (1) fraud and deceit by intentional misrepresentation against Cavendar; (2) fraud and deceit by intentional misrepresentation against Hawthorne; (3) failure to pay wages in violation of section 203 of the California Labor Code against State, CDC, and Hernandez; (4) wage rate discrimination in violation of section 1197.5 of the California Labor Code against State and CDC; and (5) violation of the federal EPA against CDC and State.  The allegations in the FAC supporting the causes of action for fraud and deceit by intentional misrepresentation are identical to the allegations in the original complaint, except that the FAC also alleges that the misrepresentations made by Cavendar and Hawthorne "were motivated by corruption and actual malice against Plaintiff."  *FAC,* ¶¶ 36, 46.  The allegations in the FAC supporting the cause of action for failure to pay wages in violation of section 203 of the California Labor Code are identical to the allegations in the original complaint, except that the FAC also alleges that "[d]uring November 2006, Plaintiff was discharged from employment by being placed on a medical leave of absence;" that "[d]uring fall 2008, she was temporarily re-hired by State for a different position[,] [a]fter approximately 60 days, she was terminated from that position again[, and] Plaintiff believes she will not be able to return to her position in the future;" that "Plaintiff expects that she will receive an official written statement of discharge from employment by CDC within a few weeks, and in any case prior to her trial date;" and that "[i]n case Plaintiff is considered as still being an employee of Defendant CDC, she intends to quit her employment with Defendant CDC."  *Id.,* ¶¶ 52-54.  The allegations in the FAC supporting

the causes of action for wage rate discrimination in violation of section 1197.5 of the California Labor Code and violation of the federal EPA are identical to the allegations in the original complaint.

On March 9, 2009, Defendants filed the Motion to Dismiss the FAC ("Motion to Dismiss"). On April 6, 2009, Plaintiff filed the Opposition to the Motion to Dismiss (Doc. # 12). On April 13, 2009, Defendants filed the Reply (Doc. # 14).

**Standard of Review**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the pleadings. *See De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the right to relief above the speculative level. *See Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Conversely, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show that the pleader is entitled to relief. *See id.* (citing Fed. R. Civ. P. 8(a)(2)). In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn therefrom. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003); *see also Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Federal Rules adopt a flexible pleading policy, every complaint must, at a minimum, "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic*, 127 S. Ct. at 1964 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

**Analysis**

A.    Eleventh Amendment Immunity

Defendants contend that "Eleventh Amendment sovereign immunity bars Plaintiff's state law claims against the State, the CDCR, and the individual Defendants, who were sued in their official capacities." *Mot. to Dismiss,* p. 10. Defendants contend that the "Eleventh

Amendment also bars Plaintiff's federal Equal Pay Act claim because California has not waived its right to sovereign immunity from such claims in state or federal court." *Id.* at 12. Defendants contend that "Defendants have not waived their immunity by virtue of having removed this suit to federal court based on the federal claims." *Id.* at 13.

Plaintiff contends that "assuming arguendo that a sovereign immunity defense is applicable, Defendants have waived it by voluntarily removing this case to this Court." *Opposition,* p. 4.

The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or in equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  The Supreme Court has interpreted the Eleventh Amendment to prohibit an action against a State by one of the State's own citizens.  *BV Engineering v. University of California,* 858 F.2d 1394, 1395 (9th Cir. 1998) (citing *Welch v.. State Dep't of Highways & Public Transp.,* 483 U.S. 468 (1987)).  This "bar remains in effect when State officials are sued for damages in their official capacity." *Kentucky v. Graham,* 473 U.S. 159, 169 (1985).

The Supreme Court has made clear that "'where a state voluntarily becomes a party to a cause and submits its rights for judicial determination, it will be bound thereby and cannot escape the result of its own voluntary act by invoking the prohibitions of the Eleventh Amendment.'"  *Lapides v. Board of Regents of the University System of Georgia,* 535 U.S. 613, 618 (2002) (quoting *Gunter v. Atlantic Coast Line R. Co.,* 200 U.S. 273, 284 (1906)).  In *Lapides,* the Supreme Court stated: "In this case, the State was brought involuntarily into the case as a defendant in the original state-court proceedings.  But the State then voluntarily agreed to remove this case to federal court.  In doing so, it voluntarily invoked the federal court's jurisdiction."  535 U.S. at 620.  The Supreme Court held that the State waived its Eleventh Amendment immunity by removing the case to federal court.  The Court stated that the State's apparently benign motive in seeking removal had no bearing on whether the State waived its Eleventh Amendment immunity.  The Court reasoned that "[i]t would seem

anomalous or inconsistent for a State both (1) to invoke federal jurisdiction, thereby contending that the 'Judicial power of the United States' extends to the case at hand, and (2) to claim Eleventh Amendment immunity, thereby denying that the 'Judicial power of the United States' extends to the case at hand." *Id.* at 619.

Defendants in this case voluntarily removed this action to federal court.  In so doing, Defendants waived their Eleventh Amendment immunity.  *See Lapides,* 535 U.S. at 618. Defendants' assertion that the voluntary removal to this Court did not waive Eleventh Amendment immunity is contrary to established law.  The Court also notes that Defendants' assertion that California has not waived its right to sovereign immunity with respect to claims under the federal EPA is contrary to established law.  *See Wennihan v. Arizona,* 515 F. Supp. 2d 1040, 1048 (D. Az. 2005) (Congress validly abrogated state immunity with respect to federal EPA claims); *Nanda v. Bd. of Trs. of the Univ. of Ill,* 303 F.3d 817 (7th Cir. 2002); *Ussery v. Louisiana ex rel. Louisiana Dep't of Health & Hosps.,* 150 F.3d 431 (5th Cir. 1998); *Powell v. Florida,* 132 F.3d 677 (11th Cir. 1998).  The Court concludes that Defendants are not entitled to Eleventh Amendment immunity because they waived immunity by voluntarily removing the action to this Court.

> B.   First and Second Causes of Action for Fraud and Deceit by Intentional Misrepresentation

Defendants contend that the FAC fails to state a claim for fraud and deceit by intentional misrepresentation because the FAC "makes only conclusory assertions with respect to the Defendants' supposed actual fraud, corruption or actual malice," which are insufficient to state a claim. *Mot. to Dismiss,* p. 13-14 (internal quotations omitted).  Defendants contend that "[a]lthough Plaintiff repeats her speculation that Defendants Cavendar and Hawthorne bore secret grudges against her, she still has not alleged a single fact supporting the allegation that Defendants had a conscious intent to deceive, vex, annoy or harm her." *Reply,* p. 6.

Plaintiff contends that the FAC adequately alleges claims for fraud and deceit by intentional misrepresentation because "Plaintiff has pled that [Cavendar and Hawthorne] are guilty not just of misrepresentation, but of actual fraud," and the FAC alleges that Cavendar

and Hawthorne were "motivated by corruption and actual malice against Plaintiff." *Opposition,* p. 6.

Pursuant to section 822.2 of the California Government Code, "[a] public employee acting in the scope of his employment is not liable for an injury caused by his misrepresentation, whether or not such misrepresentation be negligent or intentional, unless he is guilty of actual fraud, corruption or actual malice." Cal. Gov. Code § 822.2. The "immunity afforded by Government Code section 822.2 applies unless, in addition to the essentials of common law deceit, a public employee is motivated by corruption or actual malice, i.e., a conscious intent to deceive, vex, annoy or harm the injured party." *Masters v. San Bernardino County Emps. Retirement Ass'n,* 32 Cal. App. 4th 30, 42 (1995) (internal quotations omitted).

The January 8 Order dismissed Plaintiff's intentional misrepresentation claims as to Cavendar and Hawthorne on grounds that "the Complaint does not allege that these Defendants were motivated by corruption or actual malice." *Jan. 8 Order,* p. 10. Plaintiff amended the complaint by adding the following allegations: the "misrepresentations made by Cavendar were motivated by corruption and actual malice against Plaintiff, a woman he felt obligated to hire for a position in a department that was traditionally the domain of male employees;" and the "misrepresentations made by Hawthorne were motivated by corruption and actual malice against Plaintiff, an employee who [Hawthorne] felt was bothersome because [Plaintiff] persisted in demanding on being paid what she was owed," *FAC, ¶¶* 36, 46. These additional allegations supporting Plaintiff's claims for fraud and deceit by intentional misrepresentation are conclusory. The FAC does not allege any facts to support her claim that Hawthorne and Cavendar were motivated by corruption and actual malice. The Court concludes that the FAC fails to state a claim for fraud and deceit by intentional misrepresentation against Cavendar and Hawthorne, and dismisses the first and second causes of action.

///

///

///

- 7 -

C.    <u>Third Cause of Action for Failure to Pay Wages in Violation of Section 203 of the California Labor Code</u>

Defendants contend that the FAC fails to state a claim for failure to pay wages in violation of section 203 of the California Labor Code, stating that "Plaintiff attempts to revive her Labor Code claim by adding certain new allegations, but none change the fact that Plaintiff was never discharged from her job as an Electronics Technician and that she remains employed by the CDCR and is out on disability leave." *Mot. to Dismiss,* p. 18.

Plaintiff contends that the FAC alleges that Plaintiff has been discharged within the meaning of section 203 of the California Labor Code through allegations that "Plaintiff has been placed on maternity leave (later changed to disability leave), which involved releasing her from performing the job assignment for which she was hired." *Id.* at 8. Plaintiff contends that "Plaintiff has now pled more facts supporting the position that she has been discharged," through allegations that Plaintiff has been "re-hired by State for a different position," which "implies that Defendants treated plaintiff as having completed her previous job assignment." *Id.* Plaintiff further states that "in case the state still does not consider Plaintiff as having been discharged, Plaintiff is submitting a letter of resignation concurrently with this Opposition." *Id.*

Section 203 of the California Labor Code states:

> If an employer willfully fails to pay, without abatement or reduction . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

Cal. Labor Code § 203. The discharge element is satisfied by an employee's "involuntary termination from an ongoing employment relationship," as well as when "an employer releases an employee after completion of a specific job assignment or time duration for which the employee was hired." *Smith v. Superior Court (L'Oreal),* 39 Cal. 4th 77, 89 (2006).

Plaintiff amended her complaint by adding the allegation that "[d]uring November 2006, Plaintiff was discharged from employment by being placed on a medical leave of absence." *FAC,* ¶ 52. The FAC alleges that Plaintiff was "discharged." *Id.* However, the

FAC does not allege facts to support that by virtue of being placed on a medical leave of absence, Plaintiff's ongoing employment relationship has been terminated and that Plaintiff will not be able to return to her position in the future. Plaintiff also amended the complaint by adding the allegation that "[d]uring fall 2008, [Plaintiff] was temporarily re-hired by State for a different position," that "[a]fter approximately 60 days, she was terminated from that position again," and that "Plaintiff believes she will not be able to return to her position in the future." *Id.,* ¶ 53. This allegation, however, does not provide a sufficient factual basis to support that Plaintiff's ongoing employment relationship has been terminated, or that Defendants released Plaintiff after completion of a specific job assignment. The allegation is vague, ambiguous and insufficient to put Defendants on notice of the basis for Plaintiff's claim. For example, Plaintiff does not allege what "different position" Plaintiff was "temporarily re-hired" for, or the duration of the temporary position. *Id.* Plaintiff also amended the complaint by adding the allegation that "Plaintiff expects that she will receive an official written statement of discharge from employment." *Id.,* ¶ 54. This allegation, however, is speculative, and provides no factual support for Plaintiff's conclusory assertion that she was discharged. Finally, Plaintiff amended the complaint by adding the allegation that "[i]n case Plaintiff is considered as still being an employee of Defendant CDC, she intends to quit her employment with Defendant CDC." *Id.* This allegation contradicts any assertion that Plaintiff has been discharged or quit her job. To the contrary, Plaintiff's use of the phrase "intends to quit" supports that Plaintiff has not yet quit or been terminated from her employment, and is still employed by Defendant CDC. *Id.* In light of the foregoing, the Court concludes that the FAC fails to allege facts to support a claim for failure to pay wages in violation of section 203 of the California Labor Code, and dismisses the third cause of action.

### D.   Failure to Exhaust Administrative Remedies

Defendants contend that "[a]lthough Plaintiff has tried to characterize her claims as involving gender discrimination, all of her claims arise out of two simple wage-related grievances, which must be resolved pursuant to the terms of the collective bargaining agreement." *Id.* at 20. Defendants contend that "[b]ecause Plaintiff has failed to exhaust the

grievance procedures set forth in the collective bargaining agreement, her claims must be dismissed." *Id.* Defendants assert for the first time in the Reply that Plaintiff's claims for violation of section 1197.5 of the California Labor Code and the federal EPA must be dismissed for failure to state a claim, stating that "[e]ven assuming that Plaintiff [was] excused from compliance with the collective bargaining agreement's grievance procedures regarding out-of-class wage claims, she still fails to state a claim for violations of the state and federal Equal Pay Act." *Reply,* p. 9. Defendants assert in the Reply that "Plaintiff has alleged no facts demonstrating that she received unequal pay performing substantially the same work as male employees." *Id.*

Plaintiff contends that she need not exhaust her administrative remedies in order to enforce her statutory rights. Plaintiff therefore contends that she need not exhaust her administrative remedies with respect to her claims for wage rate discrimination in violation of section 1197.5 of the California Labor Code and the federal EPA.

A plaintiff may bring suit under section 1197.5 of the California Labor Code without first exhausting administrative remedies. *Bass v. Great Western Savings & Loan Ass'n.,* 58 Cal. App. 3d 770, 773 (1976) ("Where the statute specifically provides, as section 1197.5 does, that the aggrieved party may pursue either the administrative remedies or independently seek relief through the courts of this state, the exhaustion of remedies is not required."); *De Malherbe v. Int'l Union of Elevator Constructors,* 449 F. Supp. 1335, 1348 (N.D. Cal. 1978) ("victims of sex discrimination involving equal pay can bring suit under § 1197.5 without first exhausting administrative remedies"). Similarly, "the Equal Pay Act . . . does not require exhaustion of administrative remedies." *Miranda v. B&B Cash Grocery Store, Inc.,* 975 F.2d 1518. 1527 (11th Cir. 1992) (citing *County of Washington v. Funther,* 452 U.S. 161, 175 n. 14 (1981)).

The FAC's remaining claims are for wage rate discrimination in violation of section 1197.5 of the California Labor Code and the federal EPA. Defendants assert that Plaintiff's claims fail for failure to exhaust administrative remedies. However, Plaintiff need not exhaust administrative remedies with respect to claims brought pursuant to section 1197.5 of the

1  California Labor Code or the federal EPA.  *See Funther,* 452 U.S. at 75 n. 14; *Bass,* 58 Cal.

2  App. 3d at 773.  The Court denies the Motion to Dismiss with respect to the fourth and fifth

3  causes of action.[1]

4        E.        Leave to Amend

5        If Plaintiff wishes to file a second amended complaint, Plaintiff may file a motion for

6  leave to file a second amended complaint, which attaches a copy of the proposed second

7  amended complaint.

8                              **Conclusion**

9        IT IS HEREBY ORDERED that the  Motion to Dismiss First Amended Complaint

10  (Doc. # 11) is **DENIED** as to the fourth claim for violation of section 1197.5 of the California

11  Labor Code and as to the fifth claim for violation of the federal Equal Pay Act, 29 U.S.C.

12  section 206(d), and **GRANTED** as to the remaining claims.  The first claim for fraud and

13  deceit by intentional misrepresentation against David Cavendar, second claim for fraud and

14  deceit by intentional misrepresentation against Mardelouis Hawthorne, and third claim for

15  failure to pay wages in violation of section 203 of the California Labor Code are DISMISSED

16  without prejudice.

17  DATED:  May 15, 2009

18                              *William Q. Hayes*

19                              **WILLIAM Q. HAYES**
                                United States District Judge

20

21

22

23

24

25

26        [1] Defendants assert for the first time in the Reply to the instant Motion to Dismiss that
    Plaintiff's claims for violation of section 1197.5 of the California Labor Code and the federal EPA fail
27  to state a claim because "Plaintiff has alleged no facts demonstrating that she received unequal pay
    performing substantially the same work as male employees."  *Reply,* p. 9.  The Court declines to rule
28  on Defendants' argument that Plaintiff failed to allege facts supporting that she received unequal pay
    because Plaintiff raised this argument for the first time in the Reply.